**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 26, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CRUZ JOSE MARTINEZ-RIOS,

    Defendant - Appellant.

Nos. 22-2067, 22-2068
(D.C. Nos. 2:21-CR-01478-MIS-1 &
2:16-CR-00468-MIS-1)
(D.N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Appellant Cruz Jose Martinez-Rios appeals two judgments against him. The first is a fifty-seven-month sentence for reentry of a removed alien. The second is an eight-month sentence for violating the terms of supervised release by committing that same crime. Martinez-Rios admitted his guilt for both offenses. He does not provide actionable grounds for an appeal, and his appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously to honor Appellant's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

We agree with Martinez-Rios's counsel that no non-frivolous grounds for an appeal exist. We thus grant counsel's motion to withdraw, and we dismiss these appeals.

## BACKGROUND

Cruz Jose Martinez-Rios has a long criminal history. In 2009, he sexually assaulted an eighteen-year-old individual, for which a state court sentenced him to seventy-seven months' incarceration and ten years' conditional release. In 2015, he unlawfully entered the United States in Grant County, New Mexico, for which a district court sentenced him to eight months' imprisonment and three years' supervised release. In 2021, he again unlawfully entered the United States in Hidalgo County, New Mexico. The district court sentenced Martinez-Rios to fifty-seven months' imprisonment for that crime. And because the crime separately violated the terms of Martinez-Rios's three-year supervision,[1] the district court also sentenced him to a concurrent eight-month sentence for the violation.

Martinez-Rios pled unconditionally guilty to his 2021 unlawful entry without a plea agreement. At his plea hearing, Martinez-Rios (through an

---

[1] Martinez-Rios was transferred to a state prison after his federal incarceration for his 2015 unlawful entry and was later deported in December 2020. His three-year term of supervised release did not begin to run until his release from state prison. *See* 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.").

interpreter) admitted his guilt in open court, including that he was a "citizen[]" of Mexico" and yet came to "New Mexico after having been previously deported." Suppl. R. vol. 4, at 14-15. And he acknowledged that the government could have proved his unlawful entry beyond a reasonable doubt. He also admitted that he was satisfied with his counsel's performance.

Martinez-Rios similarly admitted to violating the terms of his supervised release. At the revocation and sentencing hearing, Martinez-Rios admitted to the violation in open court. He asked the court for "forgiveness for having jumped the fence" and promised "not [to] do it again." *Id.* at 34-35. And he again acknowledged his satisfaction with counsel. The court then sentenced Martinez-Rios to fifty-seven months for the unlawful entry and eight months for the violation; it also recommended that the government "begin removal proceedings during the service of sentence." *Id.* at 36-37. The government heeded that advice and deported Martinez-Rios.

Martinez-Rios appealed his dual sentences. His appellate counsel filed a brief under *Anders*, 386 U.S. 738, in which counsel asserted that no non-frivolous grounds for appeal existed. Counsel contended that Martinez-Rios's guilty plea was valid and that only frivolous arguments undermined the convictions and sentences. In response, Martinez-Rios filed a letter, in which he suggested that his guilty plea to the 2021 unlawful entry may have been invalid. For that, he claimed that he signed a guilty plea that stipulated to a thirty-to-thirty-seven-month sentence but then had to re-sign

3

another plea without that stipulation. Martinez-Rios does not attack the validity of the operative guilty plea or assert that he received deficient plea advice from counsel. To the contrary, he admitted he "made many mistakes" that he "regret[s]" and is "paying for." Appellant's Translated Resp. 1.

## DISCUSSION

Martinez-Rios's counsel filed an *Anders* brief. We analyze those briefs as follows:

> Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). As mentioned, counsel identified no non-frivolous grounds to attack Martinez-Rios's guilty plea and sentences. And Martinez-Rios's response also identified no non-frivolous grounds to attack his guilty plea.

We have thoroughly examined the record and agree with counsel that only frivolous grounds exist for both appeals. Martinez-Rios pled unconditionally guilty to unlawful entry, and he offers no reason to undercut the validity of that plea. *See Class v. United States*, 138 S. Ct. 798, 805 (2018) ("[A] valid guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty." (citation

and internal quotation marks omitted)). Nor do we see any reason that the district court erred in sentencing Martinez-Rios. In fact, Martinez-Rios faced a twenty-year statutory maximum for unlawfully entering the United States and a two-year maximum sentence for violating his supervised release. *See* 8 U.S.C. § 1326(b)(2); 18 U.S.C. § 3583(e)(3). The district court chose lighter sentences for both offenses, even though Martinez-Rios had an extensive criminal history. And in all events, the district court recommended deporting Martinez-Rios during his sentence, meaning he likely would not have served a full term of incarceration in the United States whatever the sentence may have been.

## CONCLUSION

We agree with Martinez-Rios's counsel that no non-frivolous grounds for an appeal exist. We thus grant counsel's motion to withdraw, and we dismiss these appeals.

Entered for the Court

Gregory A. Phillips
Circuit Judge